Everett HEWITT, Plaintiff—Appellant,

v.

UNION OIL COMPANY OF CALIFORNIA, INC., dba Unocal Corporation, Defendant—Appellee.

No. 01–35013.

D.C. No. CV–99–00005–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 16, 2002.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

MEMORANDUM *

Plaintiff Everett Hewitt worked for Defendant Union Oil Company of California, Inc., for several years but eventually Defendant terminated his employment. He brought this action in state court under Alaska Stat. § 18.80.220, a part of the Alaska Human Rights Act (AHRA) that parallels the Americans with Disabilities Act. Defendant removed the action to federal court based on diversity of citizenship and the requisite amount in controversy.

---

5. *United States v. Ruiz,* No. 01–595, slip op. at 9 (U.S. June 24, 2002).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court granted summary judgment to Defendant. The court held that, as a matter of law, Plaintiff has no "disability" within the meaning of state law. In analyzing the AHRA, Alaska courts rely on the federal analytical framework for parallel statutes. *Moody–Herrera v. State Dep't of Natural Res.*, 967 P.2d 79, 83 & n. 9 (Alaska 1998).

█ Recent Supreme Court cases make clear that, on this record, genuine issues of material fact remain for trial. *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, ——, 122 S.Ct. 681, 691–92, 151 L.Ed.2d 615 (2002) (requiring the plaintiffs to present evidence both of an impairment and a substantial limitation on a major life activity). Evidence in the record shows that Plaintiff has been diagnosed with recognized sleep disorders, which constitute a physical impairment. Indeed, Defendant concedes that Plaintiff's sleep disorders constitute a physical impairment under state law.

Defendant argues, and the district court held, that Plaintiff's impairment did not substantially limit a major life activity. However, there is evidence in the record from which a reasonable finder of fact could find that the impairment substantially limited the major life activity of sleeping. *See* 29 C.F.R. § 1630.2(j) (setting out factors relevant to substantial limitation inquiry); *McAlindin v. County of San Diego*, 192 F.3d 1226, 1233–34 (9th Cir.1999), *amended by* 201 F.3d 1211 (9th Cir.2000) (holding that sleeping is a major life activity). For example, Plaintiff's testimony and a number of medical reports show that Plaintiff suffers from sleep disturbances even though he sleeps for ten to twelve hours per day; a sleep study showed "several sleep disorder[s] ... to include mild sleep apnea and periodic limb movement disorders" resulting in sleep disruption or deprivation. As a result, a genuine issue of material fact remains as to whether Plaintiff was disabled.

█ Defendant argues, in the alternative, that we should affirm the summary judgment on the ground of judicial estoppel. It points to purportedly inconsistent statements in another proceeding as to whether Plaintiff required medical care or treatment. Even assuming that Plaintiff took the position in another case that he did not require medical treatment at a relevant time, that position would not be inconsistent with his present claim of disability discrimination. Under Alaska law an employee need not be receiving medical treatment to be classified as disabled under the discrimination statute. Alaska Stat. § 18.80.300(12).

REVERSED and REMANDED for further proceedings consistent with this disposition.